ANGELA SHERIGAN, Judge.
A Hearing regarding Petitioner for In-junctive Relief, was held in this matter, in which all parties, or their representatives, were present, and the Court being advised in the premises, finds as follows:
The Petitioners seek an injunction to stop the continuation of the election now taking place, and to seek a declarative action. The burden on the moving party, who wishes to stay a future election, must be high. The proper standard should be similar to that required in preliminary injunctions. Those factors are:
(1) whether the movant has a strong likelihood of success on the merits;
(2) whether the movant would otherwise suffer irreparable injury;
(3) whether the issuance of a preliminary injunction would cause substantial harm, to others; and
(4) whether the public interest would be served by issuance of a preliminary injunction.
The Petitions contains several issues, each will be addressed separately.
The first issue deals with registration of voters. The Petition ask for the Election Board to change the rules and regulations back to state that when a tribal member turns eighteen, that tribal member must register in order to vote. Article DC Section 3-Voting states at (a) Any duly enrolled member of the Litde River Band of Ottawa, who is at least eighteen (18) years old, and is registered to vote on the date of any given tribal election shall be eligible to vote in that tribal election. The Election Board through its authority to promulgate rules and regulations, registers tribal members as voters automatically when they become 18 years old. The Court finds that this is within the authority of the Election Board and is does not violate the Constitution because it does not deny anyone who is at least eighteen years old the right to vote. Any change to the rale must be presented to the Election Board.
The second issue deals with the issue of a primary. Petitioners allege that the Constitution does not allow for a primary. Respondents argue that this matter has already been decided in Sam, et al, v. LRBOI Election Board, Cane No. 0706lEB. The Court has reviewed the Order in that case and finds that this specific issue was not definitely resolved by the Tribal Court’s Order in the Sam case. Nevertheless, the Petitioners in the instant ease purposely chose to delay filing their complaint in this case until the primary election was well underway. Petitioners knew from previous elections and from the timeline for the election announced by the election board in 2008 a primary election would take place this election. Both the Election Board and tribal voters took actions in reliance upon the primary election process set forth in the regulations governing this election. Because Petitioners are asking the Court to stop the election from continuing, the Court must consider the rights and harm/prejudice to other parties. Under the circumstances in this case, the Court has decided that it will not intervene in, and stop, the election that is already in progress. If Petitioners intended for this matter to be resolved before the election was concluded they should have filed earlier. However, the Court will hear arguments regarding this issue. This part of the Petition will move forward.
The next issue is that of Article IX, Section 4(d) which states: “[TJribal members who are holding elected office, or running for office, shall not be eligible to serve as an Election Board member”. This issue has been dealt with in Hyma-Cogswell v. Election Board, Case No. 09004 DJ.
*292 The next issue deals with Chapter 3, Section 3 of the Election Board Rules and Regulations [1], specifically: “Prohibition Against Running for Two (2) Offices. No Tribal member may be a candidate for more than on Elected Office at the same time. By way of explanation but not by way of limitation, this prohibition includes running or more than one seat on Tribal Council at the same time. This prohibition also includes running for a seat on Tribal Council and for Ogema at the same time.” Petitioners argue that Sandy Meseske broke the regulation. Ms. Meseske has resigned her position as an election board member. The Respondents argue that the Petitioners have not exhausted the remedy for disputes as provided in the regulations. The Court agrees.
This issue should go to the Election Board in compliance with the Election Board Rules and Regulations, Chapter 12.
The next issue deals with the runoff for Office of Ogema from the 2007 election. The 2007 election was completed and certified. Petitioners have not stated exactly how they believe the 2007 election for the Office of Ogema violates the Constitution. In any event, the time for raising issues challenging the process and outcome of that election has long since passed. In addition, the Office of the Oge-ma is not part of the current election and the Election Board has not published regulation governing the next election cycle. If the Election Board’s regulations for election of the Ogema in 2011 include the same procedures Petitioners claim were unconstitutional in the 2007 election, Petitioners can re-file their claims at time—far enough in advance of the dates set for the primary and general elections to allow the Court to address any arguments Petitioners may raise without interrupting the election schedule. This allegation is dismissed.
The next issue deals with Chapter 2 Section 1(a) of the Election Board Rules and Regulations[2]. This issue will not be dealt with as it is currently not applicable, but rather is a proposed change.
The next issue deals with Election Ordinance # 01-200-20, which was repealed the Wednesday before this hearings thus making it moot. Further, the issue regarding this allegation was from the 2007 election. The time period allowed for election challenges for that election has passed. This allegation is dismissed.
THEREFORE, IT IS HEREBY ORDERED:
Petitioner’s Request to Stay the Election is DENIED.

. The Petition lists “Page 10, Section 3” of the Regulations, this is incorrect as the Petitioner was provided with and relied on the proposed changes to the regulations and not the actual regulations currently in place. This Court does note that the current Rules and Regulations are not online, even though this Tribe is currently in an election cycle.

. See Footnote 1.